UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>CHRISTIAN PFIEFFER,<br><br>　　　　　Respondent. | Case No. 1:17-cv-01529-DAD-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE COURT REMEDIES**<br><br>**(ECF Nos. 1, 12)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented by Paul Edward O'Connor of the Office of the Attorney General for the State of California.

Before the Court is Respondent's motion to dismiss the petition for failure to exhaust state court remedies. (ECF No. 12.) For the reasons stated below, the undersigned will recommend that the motion be granted and that the petition be dismissed without prejudice.

///
///

**I.     Procedural History**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the May 8, 2014 judgment of the Fresno County Superior Court, convicting him of one count of possession of child pornography and one count of possession of child pornography with a prior conviction, which required him to register as a sex offender. Numerous prior convictions were found true. Petitioner was sentenced to two consecutive sentences of twenty-five years to life. (Lodged Docs. 1, 2.)

On March 8, 2016, the California Court of Appeal for the Fifth Appellate District affirmed the judgment. (Lodged Doc. 2). Petitioner did not seek review in the California Supreme Court.

During and after the pendency of his direct appeal, Petitioner filed fifteen post-conviction petitions in the California state courts as follows:

1. <u>Fresno County Superior Court</u>
   Filed: May 19, 2014;
   Denied: June 18, 2014;

2. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: April 13, 2015;
   Denied: July 10, 2015;

3. <u>Fresno County Superior Court</u>
   Filed: May 12, 2015;
   Denied: June 9, 2015;

4. <u>Fresno County Superior Court</u>
   Filed: August 6, 2015;
   Denied: September 5, 2015;

5. <u>Fresno County Superior Court</u>
   Filed: September 10, 2015;
   Denied: October 27, 2015;

6. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: September 21, 2015;
   Denied: September 30, 2015;

7. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: January 7, 2016;
   Denied: February 29, 2016;

2

|   |   |
|---|---|
| 8. | Fresno County Superior Court<br>Filed: March 7, 2016;<br>Denied: April 15, 2016; |
| 9. | Fresno County Superior Court<br>Filed: April 7, 2016;<br>Denied: May 5, 2016; |
| 10. | Fresno County Superior Court<br>Filed: April 22, 2016;<br>Denied: June 3, 2016; |
| 11. | Fresno County Superior Court<br>Filed: April 22, 2016;<br>Denied: June 1, 2016; |
| 12. | Fresno County Superior Court<br>Filed: March 6, 2017;<br>Denied: May 3, 2017; |
| 13. | Fresno County Superior Court<br>Filed: June 12, 2017;<br>Denied: July 12, 2017; |
| 14. | Fresno County Superior Court<br>Filed: September 22, 2017;<br>Denied: October 20, 2017; |
| 15. | California Court of Appeal, Fifth Appellate District<br>Filed: November 8, 2017;<br>Denied: January 11, 2018;[1] |

(Lodged Docs. 1-32.)

On November 16, 2018, Petitioner filed the instant federal petition for writ of habeas corpus (ECF No. 1.) On January 9, 2018, Respondent filed a motion to dismiss. (ECF No. 12.) Petitioner filed no opposition and the time for doing so has passed. The matter is submitted and stands ready for adjudication.

## II. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

---

[1] At the time Respondent filed his motion, this appeal remained pending. However, the website for the Fifth District Court of Appeal reflects that the petition was denied on January 11, 2018.

3

Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.

The Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### III.    Exhaustion Requirement

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992)

(factual basis).

Here, Petitioner has not presented any of his claims to the California Supreme Court. He did not file a petition for review of any collateral challenges in that court. Because the claims have not been presented to the state's highest court, the Court is unable to proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1).

## II.     Recommendation

It is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be granted; and
2. The petition be dismissed without prejudice for failure to exhaust state court remedies.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30)** days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 20, 2018            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

5